### SIMBERSKY v. SMYTH.

*Appeal from Johnson District Court — Friday, October* 22.

#### REFORMATION OF CONTRACT.

*In equity — to reform a deed.* The north-west quarter of section one, Tp. 81, R. 7, contains about one hundred and thirty-six acres. The defendant owned the east half (which was also fractional, containing near sixty-eight acres), and sold a part thereof to plaintiff; the description in the deed being: "The S. E. ¼ of N. W. ¼, sect. 1, Tp. 81, R. 7, containing forty acres, more or less."

Plaintiff took possession of forty acres, and fenced and improved the same. In September, 1867 (the deed was made in December, 1866), defendant notified plaintiff to remove his fence, which was north of the middle of the eighty, and to deliver to him the grain raised north of said middle line. This action was commenced soon afterward — plaintiff claiming that he bought and paid for *forty acres ;* that, by reason of the fraud or mistake of defendant, the said deed failed to correctly and fully describe the premises purchased, etc., — and asking a reformation, etc.

The cause was heard on petition, answer, depositions and documentary evidence ; petition dismissed, and plaintiff appeals.

*Fairall & Boal* for the appellant — *Clark & Haddock* for the appellee.

WRIGHT, J.—Appellee, conceding the right of appellant to seek a reform of this deed, insists that the proof of the fraud, accident or mistake, must be clear, unequivocal and satisfactory. This we admit, as also, that if mistake is relied on, it must have been that of both parties. And, notwithstanding these concessions, we are constrained to the conclusion that plaintiff in his proof fully sustains the averments of his petition. For myself, ever inclined to hold a strict rule in these cases, I must say that I have seldom known an instance more clearly entitling a party to such relief. Plaintiff, we are satisfied, paid for *forty acres,* estimating it at twenty dollars per acre. He is a foreigner and but little acquainted with our language. In this respect defendant has every advantage. Possession was at once taken, and a fence put upon the *north line* of the *forty,* defendant building one-half of the same. Plaintiff owned, and was residing upon, a forty immediately west, and this purchase made, as he supposed, and as defendant knew he believed, a full forty. The north-west corner of the land purchased was referred to at the time of the trade as being identical with the north-east corner of the forty then owned by plaintiff. The evidence is overwhelming that a plat was made of the quarter section, by defendant, in plaintiff's presence, and in the presence of his family, some of whom were better able to understand and speak our language, and that a full forty was thus described ; that plaintiff believed he was buying, and defendant intended to sell, this number of acres. The deed was drawn by one who had no knowledge that the quarter section was fractional ; but his impression was distinct and clear, that the defendant intended to sell, and plaintiff to buy, forty acres.

And in view of all these facts, and the further consideration that the language of the deed itself is scarcely in conflict with plaintiff's claim, our opinion is that plaintiff should have recovered, and that the judgment below should be

Reversed.